UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLIN ARSELL HOLMAN, SR.,

        Petitioner,

v.                                          CASE NO. 04-CV-60087-AA
                                            HONORABLE MARIANNE O. BATTANI

JOHN CASON,

        Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS**

This matter is pending before the Court on Petitioner's habeas corpus petition under 28 U.S.C. § 2254 and Respondent's motion to dismiss the petition for failure to comply with the statute of limitations. Petitioner maintains in a reply to Respondent's motion that his habeas petition is timely because a motion for reconsideration remains pending in state court. In light of the complexity of the issues relating to the statute of limitations, as well as Petitioner's allegation and supporting exhibits, the Court has decided to deny Respondent's motion.

**I. Background**

Petitioner was convicted of second-degree murder, MICH. COMP. LAWS § 750.317, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, on September 1, 1992. He was sentenced to two years in prison for the felony firearm conviction and twenty-five to fifty years for the murder conviction. The Michigan Court of Appeals affirmed his convictions and sentence, *see People v. Holman*, No. 160184 (Mich. Ct. App. Nov. 28, 1994), and on July 28, 1995, the Michigan Supreme Court denied leave to appeal. *See People v. Holman*, No. 101962 (Mich. Sup. Ct. July 28, 1995). The state supreme court denied

reconsideration on October 31, 1995, and the deadline for seeking a writ of certiorari in the United States Supreme Court expired on January 29, 1996.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted on April 24, 1996. Approximately ten months later in March of 1997, Petitioner filed a motion to remand his case for an evidentiary hearing on newly discovered evidence.[1] The trial court denied the motion on the merits, and both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal the trial court's decision. *See People v. Holman*, No. 223628 (Mich. Ct. App. July 11, 2000); *People v. Holman*, No. 117561 (Mich. Sup. Ct. Jan. 30, 2001). Petitioner alleges that he moved for reconsideration and that his motion for reconsideration is still pending in the state supreme court. An exhibit to his reply to Respondent's motion indicates that the motion was received in the Michigan Supreme Court on February 17, 2001.

On February 6, 2002, Petitioner filed a motion for relief from judgment. The trial court denied his motion, and the Michigan Court of Appeals dismissed Petitioner's application for leave to appeal. The court of appeals stated that it lacked jurisdiction to consider Petitioner's claims because his motion for relief from judgment was a second or successive post-conviction motion. *See* Mich. Ct. R. 6.502(G) (generally limiting criminal defendants to one motion for relief from judgment). The court of appeals also ruled that Petitioner had failed to file a timely application for leave to appeal. *See People v. Holman*, No. 247572 (Mich. Ct. App. Apr. 16, 2003). The Michigan Supreme Court likewise denied leave to appeal because Petitioner's

---

[1] The motion does not appear on the trial court's docket, but it is dated March 1997. Respondent has assumed that the motion was filed on March 1, 1997.

motion for relief from judgment was prohibited by Michigan Court Rule 6.502(G). *See People v. Holman*, No. 124033 (Mich. Sup. Ct. Oct. 31, 2003). The state supreme court denied reconsideration on January 27, 2004. The deadline for seeking a writ of certiorari in the Supreme Court expired on April 26, 2004.

Petitioner filed his habeas petition on May 2, 2004. The issues are:

I. Whether Petitioner was deprived of his Sixth and Fourteenth Amendment right to due process where the totality of the evidence was not issued to counsel for the petitioner or petitioner where such evidence would exonerate the petitioner of the alleged charged offense?

II. Whether Petitioner was denied his constitutional right to due process when the elements of the charged offense were not proven nor was any connections established between Petitioner and the deceased?

III. Whether Petitioner was deprived of his constitutional right to a fair trial and appellate review when the existence of evidence and information is called to rise, thus, the application of law used was wrong, unreasonable and contrary to the United States Supreme Court?

IV. Whether Petitioner was deprived of his Fourteenth Amendment rights and fair appellate review, when new evidence surfaces and the state court fails to address by way of issuing violative discretion and denial of evidentiary hearing upon request?

V. Whether Petitioner was deprived of his constitutional right to a fair trial where the prosecutor allowed false and perjured testimony to enter into the trial without correcting it, allowing a fraud to be perpetrated upon the courts?

VI. Petitioner was deprived of his ability to fully present evidence regarding his ineffective assistance of counsel claims guaranteed under the Sixth Amendment when the state court refused to remand Petitioner's case to the trial court when Petitioner filed his appeals as of right and motion for remand with the proper proofs pursuant to *People v. Ginther*, 390 Mich. 436 (1973), and when the court refused to address numerous exhibits attached thereto his

        briefs and motions because the court applied the wrong law and abuse of discretion?

VII.    Whether Petitioner was deprived of a fair trial under the Fifth, Sixth, and Fourteenth Amendments, when there is a questionable and unanswered question as to the vehicle used by Welch Yancy to move the deceased, and the relationships of all three witnesses may prove the petitioner did not have any contact or motive to kill the decedent, but that the witnesses and the police's prime suspect had motive, opportunity, and design and . . . his son's life long neighbors back up a scheme to deal with the prosecutor and police?

VIII.    Whether Petitioner was deprived of his Fourteenth Amendment right to a fair trial when there is no evidence to establish[] intent, motive, design, malice, and provocation that could be shown that this petitioner actually caused the death of the deceased, and that no weapon or other testing was done to prove beyond a reasonable doubt that this petitioner fired or used a firearm in any crime or murder or any killing of a human being.

IX.    Whether Petitioner was deprived of his Fourteenth Amendment right to due process when he was held in the county jail past 180 days awaiting trial in violation of the United States Constitution and the United States Supreme Court's decisions?

X.    Whether Petitioner should have his sentence vacated when the trial judge failed to explain why Petitioner was sentenced to such a high-ended term without explanation as required by law?

XI.    The threshold habeas corpus inquiry and the cumulative effects of all claims combined, deprived Petitioner of fundamental due process of law and a fair trial and balance of appellate review in the state courts.

Respondent asserts that these claims are barred from substantive review by the statute of limitations.

## II. Discussion

The AEDPA established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). For inmates like Petitioner, whose convictions became final before the AEDPA was enacted, there was a grace period of one-year, or until April 24, 1997, to file their habeas petitions. *Carey v. Saffold*, 536 U.S. 214, 217 (2002); *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *overruled on other grounds*, 530 U.S. 1257 (2000). Petitioner filed his habeas petition over eight years after the AEDPA was enacted. Therefore, his pleading is time-barred, absent tolling.

The period of limitations is tolled while a prisoner's properly filed application for state post-conviction review is pending in state court. 28 U.S.C. § 2244(d)(2). Petitioner filed a post-conviction motion to remand his case for an evidentiary hearing on or about March 1, 1997. The limitations period had run about ten months by then, at least as to the habeas claims that are not based on newly discovered evidence. The filing of Petitioner's motion to remand tolled the limitations period for the entire time that Petitioner's motion was pending in state court. A properly filed motion remains "pending" for purposes of § 2244(d)(2) until it " has achieved final resolution through the State's post-conviction procedures." *Carey,* 536 U.S. at 220.

A critical question here is whether a motion for reconsideration remains pending in state court or has achieved final resolution there. The trial court denied Petitioner's motion to remand on November 30, 1998, and the Michigan Court of Appeals denied leave to appeal on July 11, 2000. The last state court decision on the motion to remand was the Michigan Supreme Court's

order denying leave to appeal the trial court's decision. That order is dated January 30, 2001. Petitioner contends that he moved for reconsideration, but the supreme court never adjudicated his motion for rehearing or reconsideration.

The Court has found no evidence of a pending state court motion for rehearing or reconsideration. In contrast, it is clear that Petitioner filed motions for reconsideration following the Michigan Supreme Court's decisions on direct review and during Petitioner's third round of appeals. Those motions and the subsequent orders addressing the motions appear on the public dockets kept by the Michigan Court of Appeals. In addition, the actual decisions on those motions are contained in the record before this Court. The Court has found no similar docket entry or order regarding the motion for reconsideration supposedly sent to the Michigan Supreme Court on or about February 12, 2001, during the second round of appeals.

Petitioner nevertheless maintains that he filed such a motion and that the motion remains pending. In support of this contention, Petitioner has submitted a copy of his motion for reconsideration dated February 12, 2001, and a copy of a certified mail receipt indicating that a motion for reconsideration submitted by Petitioner was delivered to the Michigan Supreme Court on February 17, 2001. Assuming that a timely motion for reconsideration is pending in the state supreme court, the limitations period remains tolled and the statute of limitations has not run.[2]

Respondent contends that the habeas petition is untimely even if the Court were to toll

---

[2] A party may move for reconsideration of an order by the Michigan Supreme Court within twenty-one days of the date of certification of the order. Mich. Ct. R. 7.313(E). The Michigan Supreme Court denied leave to appeal on January 30, 2001, and Petitioner's motion for reconsideration apparently was received in the supreme court on February 17, 2001. Thus, the motion for reconsideration appears to have been timely received.

the limitations period from March 1, 1997, the date that Petitioner presumably filed his motion to remand, through January 27, 2004, the date of the last state court order in this case. According to Respondent, the limitations period ran about ten months before Petitioner filed his motion to remand and another three months after the last state court decision. This calculation, however, does not take into consideration the ninety days during which Petitioner could have sought a writ of certiorari in the United States Supreme Court following the state supreme court's order dated January 27, 2004. *See DiCenzi v. Rose*, 419 F.3d 493, __, No. 04-3571, slip op. at 4(6th Cir. Aug. 17, 2005) (explaining that all decisions of the states' highest courts can be appealed to the United States Supreme Court and that DiCenzi had 90 days' worth of tolling to petition for certiorari, whether or not he actually did so); *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (holding that "the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case"), *cert. denied*, 541 U.S. 1070 (2004).

### III.  Conclusion

Petitioner has submitted documentation suggesting that a post-conviction motion remains pending in state court. Assuming this is true, the limitations period has run only about ten months on the claims that do not allege newly discovered evidence. The limitations period likely has run no more than that on the claims alleging newly discovered evidence.

Even if Petitioner's habeas petition is untimely, the statute of limitations is not a

7

jurisdictional bar, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003), and because it is possible that the habeas petition can be denied on the merits, the Court is not required to decide whether the statute of limitations applies. *Aron v. United States*, 291 F.3d 708, 718 (11th Cir. 2002) (Carnes, C.J., concurring). The Court declines to dismiss Petitioner's habeas petition on the basis of the statute of limitations because it is easier "to deny relief on the merits than to figure out the issues relating to the statute of limitations," and because "[n]othing in the statute prohibits a court from proceeding in that way." *Id*.

Accordingly, Respondent's motion to dismiss [Doc. #7] is DENIED. Respondent is ORDERED to file an answer to the habeas petition within **forty-five (45) days** of the date of this order. Petitioner's pending motion for an evidentiary hearing [Doc. #23] is DENIED without prejudice.

                                    s/Marianne O. Battani
                                    MARIANNE O. BATTANI
                                    UNITED STATES DISTRICT JUDGE

Date: September 22, 2005